# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| GREGORY CHRISTIAN, SHARON J. COX, and BARBARA PALERMO, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>CLOVER HEALTH INVESTMENTS, CORP.,<br><br>       Defendant. | CASE NO.: 3:26-cv-01035<br><br>**CLASS ACTION COMPLAINT**<br><br>Filed July 22, 2026 |
| CLYDE HOMAN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>CLOVER HEALTH INVESTMENTS, CORP.,<br><br>       Defendant. | CASE NO.: 3:26-cv-01047<br><br>**CLASS ACTION COMPLAINT**<br><br>Filed July 23, 2026 |
| THOMAS GRIFFIN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>CLOVER HEALTH INVESTMENTS, CORP.,<br><br>       Defendant. | CASE NO.: 3:26-cv-01049<br><br>**CLASS ACTION COMPLAINT**<br><br>Filed July 23, 2026 |

KENNETH KARWOSKI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CLOVER HEALTH INVESTMENTS, CORP.,

Defendant.

CASE NO.: 3:26-cv-01054

**CLASS ACTION COMPLAINT**

Filed July 24, 2026

## ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM LEADERSHIP COUNSEL

The Court has reviewed the Motion to Consolidate the Related Actions and Appoint Interim Leadership Counsel submitted by Plaintiffs and has determined that consolidation of the Related Actions, in addition to the appointment of interim class leadership, will promote judicial efficiency.

Therefore, **IT IS ORDERED** that the Motion (Doc. No. 10) is **GRANTED** as set forth below:

1. Pursuant to Federal Rule of Civil Procedure 42(a), the Court hereby consolidates *Christian, et al. v. Clover Health Investments, Corp.*, No. 3:26-cv-01035; *Homan v. Clover Health Investments, Corp.*, No. 3:26-cv-01047*; Griffin v. Clover Health Investments, Corp.*, No. 3:26-cv-01049; and *Karwoski v. Clover Health Investments, Corp.*, No. 3:26-cv-01054 (each a "Related Action" and collectively the "Consolidated Action") under the docket, No. 3:26-cv-01035 of this first filed case, ("Master Docket"), under the new caption, "*In re Clover Health Investments, Corp. Data Breach Litigation.*"

2. No further filings shall be made in Case Nos. 3:26-cv-01047, 3:26-cv-01049, and No. 3:26-cv-01054, which shall be administratively closed. All pleadings filed in those actions shall remain part of the record until the filing of the Consolidated Class Action Complaint. Defendant need not answer or otherwise respond to the complaints filed in the Related Actions.

This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3.     All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4.     Plaintiffs in the Related Actions shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, or removed to this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days. If the Court determines that the case is related, the Clerk shall:

   a.   Place a copy of this Order in the separate docket for such an action;

   b.   Serve on Plaintiffs' counsel in the new case a copy of this Order;

   c.   Direct this Order to be served upon Defendant(s) in the new case; and

   d.   Make the appropriate entry on the Master Docket.

5.     Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby appoints Israel David of Israel David, LLC, and Grayson Wells of Stranch, Jennings & Garvey, PLLC, as Co-Interim Lead Class Counsel ("Interim Lead Class Counsel") to act on behalf of the proposed class pending a determination as to class certification.

6.     The Interim Lead Class Counsel are designated to act on behalf of the putative class before determining whether to certify the action as a class action and shall serve as lead counsel with responsibility for managing the distribution of work among all plaintiffs' counsel and overseeing compliance with the duties and responsibilities set forth herein. The duties and responsibilities of Interim Lead Class Counsel are as follows:

a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings amongst counsel;

d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e. Delegate specific tasks to Plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

k.  Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

l.  Make available to other Plaintiffs' counsel documents produced by the Defendant; and

m.  Allocate attorneys' fees.

7.  Any other plaintiffs' counsel will perform work in this litigation only at the direction of Interim Lead Class Counsel. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff except through Interim Lead Class Counsel, and no other plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in this case without the express authorization of Interim Lead Class Counsel.

8.  Interim Lead Class Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of Plaintiffs and proposed class unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Lead Class Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

9.  This Order shall apply to the above-captioned matter and to any subsequently filed, transferred, or removed action arising from the same or substantially similar alleged facts underlying this litigation.

10.  Within forty-five (45) days after the entry of this Order, counsel for Plaintiffs shall file a Consolidated Class Action Complaint.

11.  Defendant's response to the Consolidated Complaint shall be within 45 days after the filing of the Consolidated Complaint. Should Defendant file a Rule 12 motion, Plaintiffs shall respond within thirty (30) days thereafter; and Defendant's reply in support shall be filed within

fifteen (15) days thereafter.

**IT SO ORDERED.**


Dated: <u>August 11</u>, 2026

<u>Eli Richardson</u>
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE